Matter of Rosaliee HH. (Samantha HH.) (2023 NY Slip Op 06010)

Matter of Rosaliee HH. (Samantha HH.)

2023 NY Slip Op 06010

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

534193
[*1]In the Matter of Rosaliee HH., Alleged to be a Neglected Child. Delaware County Department of Social Services, Respondent; Samantha HH., Appellant.

Calendar Date:October 17, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Lisa K. Miller, McGraw, for appellant.
Amy B. Merklen, County Attorney, Delhi, for respondent.
Larisa Obolensky, Delhi, attorney for the child.

Powers, J.
Appeal from an order of the Family Court of Delaware County (Richard D. Northrup Jr., J.), entered September 3, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.
Respondent (hereinafter the mother) is the parent of a child (born in March 2021). When the child was six days old and in the neonatal intensive care unit of the hospital weighing less than four pounds, petitioner commenced this Family Ct Act article 10 proceeding alleging that respondent had neglected the child by, among other things, using heroin, methamphetamines and marihuana during pregnancy, failing to attend prenatal appointments and insisting on residing with her father (hereinafter the grandfather), a convicted level two sex offender who was incarcerated for raping the mother when she was 14 years old. After a fact-finding hearing, Family Court adjudicated the child to be neglected. The mother appeals, arguing that petitioner failed to establish by a preponderance of the evidence that the child was neglected and that Family Court's finding of neglect lacks a sound and substantial basis in the record. We disagree.
At the outset, the mother claims that Family Court erred in admitting the child's medical records into evidence because petitioner failed to comply with the provisions of Family Ct Act § 1046 (a) (iv) insofar as the records were not accompanied by a certification by the head of the hospital as being a full and complete record made in the regular course of the hospital's business. Her argument, however, is unpreserved for our review owing to her failure to object, or join in the objection of the attorney for the child, to Family Court's ruling that the record would be kept open pending submission of a proper delegation by someone of authority to certify the records, which the Court received the following day (see CPLR 4017; 5501 [a] [3]).
As to the merits, in a child neglect proceeding, the petitioner must establish, by a preponderance of the evidence, that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" due to, among other things, "misusing a drug or drugs" (Family Ct Act § 1012 [f] [i] [B]). Additionally, pursuant to Family Ct Act § 1046 (a) (iii), "proof that a person repeatedly misuses a drug or drugs
. . . , to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of . . . such person is a neglected child." Once the petitioner has proven drug abuse, thereby giving rise to a presumption of neglect, there is no required showing "of [*2]specific parental conduct vis-Á-vis the child and neither actual impairment nor specific risk of impairment need be established" (Matter of Paolo W., 56 AD3d 966, 967 [3d Dept 2008], lv dismissed 12 NY3d 747 [2009], quoting Matter of Stefanel Tyesha C., 157 AD2d 322, 328 [1st Dept 1990], appeal dismissed 76 NY2d 1006 [1990]).
Here, the evidence presented by petitioner includes the mother's testimony conceding that she used heroin, methamphetamines and marihuana while knowing she was pregnant and with a "general idea" of the harm these substances posed to the unborn child. She was not participating in, nor had she successfully completed, a drug rehabilitation treatment program and, in fact, tested positive, among other things, for fentanyl during the initial hearing in which petitioner sought to remove the child from her care (compare Matter of Micah S. [Rogerio S.], 206 AD3d 1086, 1088 [3d Dept 2022]). Further, the mother testified to having "complete faith that my daughter is in no harm at my father's house" despite acknowledging that she was "not sure what would happen" if the child were left alone with the grandfather. Petitioner's caseworker testified that the mother frequently missed prenatal appointments despite her high-risk pregnancy, and declined preventive services including casework management, parent aide services, drug counseling, assistance with applying for public assistance, transportation and counseling. The evidence further demonstrated that petitioner offered housing assistance to the mother, which she declined. Based upon the foregoing, we agree with the attorney for the child that the mother's insistence on residing with the grandfather "shows a substantial manifestation of irrationality."
In view of all these circumstances, we conclude that petitioner met its prima facie burden of proving that the mother neglected the subject child. Having offered no proof to rebut the presumption of neglect, the mother's remaining contentions do not warrant extended discussion and are determined to be without merit. Accordingly, we decline to disturb Family Court's finding adjudging the child to be a neglected child.
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.